IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CONNER BUSKEY,** | ) | Case No. 1:26-cr-110 (AMN) |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney
United States Attorney's Office for the
Northern District of New York
445 Broadway, Suite 218
Albany, NY 12207

NICHOLAS WALTER
Assistant United States Attorney

July 31, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................................. ii

I.      PRELIMINARY STATEMENT ............................................................................... 1

II.     BACKGROUND ...................................................................................................... 1

III.    SENTENCING .......................................................................................................... 3

      A.    Statutory maximum and minimum sentence.................................................. 3

      B.    Guidelines provisions..................................................................................... 4

            1.  Pattern of activity ................................................................................. 4

            2.  Acceptance of responsibility ................................................................ 6

      C.    Other considerations ..................................................................................... 6

IV.    CONCLUSION......................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Kisor v. Wilkie*,
   588 U.S. 558 (2019)................................................................................................ 4

*Loper Bright Enters. v. Raimondo*,
   603 U.S. 369 (2024)................................................................................................ 4

*United States v. Dorvee*,
   616 F.3d 174 (2d Cir. 2010) ................................................................................. 6

*United States v. Jenkins*,
   854 F.3d 181 (2d Cir. 2017) ................................................................................. 6

*United States v. Juwa*,
   508 F.3d 694 (2d Cir. 2007) ........................................................................... 7 n.6

*United States v. Lucero*,
   747 F.3d 1242 (10th Cir. 2014) ............................................................................ 5

*United States v. Olfano*,
   503 F.3d 240 (3d Cir. 2007) ................................................................................. 5

*United States v. Perez*,
   2025 WL 2047829 (S.D.N.Y. July 22, 2025) ..................................................... 5

*United States v. Puglisi*,
   458 F. App'x 31 (2d Cir. 2012) ........................................................................... 6

*United States v. Reingold*,
   731 F.3d 204 (2d Cir. 2012) ............................................................................ 5, 6

*United States v. Zheng*,
   113 F.4th 280 (2d Cir. 2013) ............................................................................... 4

**Statutes**

18 U.S.C. § 2251(a) ....................................................................................................... 5

18 U.S.C. § 2252A(5)(B) ............................................................................................... 3

18 U.S.C. § 2252A(a)(2)(A) ........................................................................................... 3

18 U.S.C. § 2252A(b)(1) ............................................................................................ 1, 3

18 U.S.C. § 2252A(b)(2) ............................................................................................ 1, 3

18 U.S.C. § 3571(b)(3) ........................................................................................................ 3

18 U.S.C. § 3583(k) ............................................................................................................. 3

**Rules**

Fed. R. Crim. P. 32(f)(1)................................................................................................. 1 n.1

Fed. R. Crim. P. 32(i)(1)(c)............................................................................................ 8 n.7

Fed. R. Crim. P. 32(h)..................................................................................................... 8 n.7

**Other authorities**

Marta Sousa et al., *The Effectiveness of Psychological Treatment in Adult Males Convicted for Sexual Offenses Against Children:  A Systematic Review*, 24 Trauma, Violence & Abuse 3, 1867-81 (2023). ................................................................................................ 7 n.5

## I.    PRELIMINARY STATEMENT

On April 23, 2026, the defendant pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(b)(2).  Plea Agreement ¶ 1(a) (PA, Dkt. 25).  Probation has scored the defendant's offense level as 42, which, with a criminal history category of I, leads to guideline range of 360 months to life.  Presentence Investigation Report ¶¶ 40, 51, 73 (PSIR, Dkt. 29).[1]  The government agrees with Probation's scoring, even though it had estimated the defendant's guidelines differently at the defendant's plea hearing.

This case presents unusual (and extremely serious) facts in an unusual posture, as the State also has an ongoing case against the defendant based on allegations in the PSIR.  Part II of this memorandum presents the background to this case, including why the government brought it.  Part III addresses the guidelines calculation and the appropriate sentence.

## II.    BACKGROUND

The government agrees with the factual background in the PSIR and simply adds certain details.

In early April 2025, Homeland Security Investigations (HSI) presented the USAO with the investigation into the defendant.  The government's understanding of the facts was consistent with that in the PSIR.  A CyberTip had been received from Snapchat on January 22, 2025, which identified an 11-second video of a naked prepubescent female.  The defendant, who was then 19 years old, had sent this video to a minor.  The National Center for Missing and Exploited

---

[1] The PSIR was filed on July 20, 11 days ago.  Comments and objections to the PSIR are not yet due.  *See* Fed. R. Crim. P. 32(f)(1).  However, the government does not object to the PSIR.

Children (NCMEC) sent the CyberTip to the New York Internet Crimes Against Children Task Force in Albany on March 12.

Two days earlier, on March 10, ██████████████████████████████████ ████████████████████████████████████████████████████████████████████████. Police investigated ████████████████████████████████. On March 11, the defendant was arrested and charged with rape in State court. He was subsequently released on bail.

On April 11, the government obtained a search warrant for the defendant's phone and Snapchat account. The phone contained numerous videos and images of child sexual abuse material, which are described in the PSIR and the plea agreement.

The government elected to defer prosecution in favor of the State. While it was clear that the government had probable cause to charge the defendant with offenses related to the receipt and distribution of child pornography, the government also believed that the charges brought by the State — which were hands-on charges of rape — were altogether more serious than its hands-off charges related to the child sexual abuse material, and that the State should have the opportunity to press its charges in the first instance.

In mid-July, the USAO received a request to prosecute the case. The USAO was told that the State's case had been delayed and that the State was requesting that the government move forward on its charges.[2] The government was willing to do so: the government was aware that the defendant had been released on bail, which the government did not believe was appropriate

---

[2] ████████████████████████████████████████████████████████████████████████████████████████████

given the underlying allegations, and the government also believed that its prosecution might help the State to resolve its own charges.[3]

The defendant was charged by complaint dated August 20, 2025, and he was arrested two days later. He has been detained since. The government understands that the State has offered the defendant a plea agreement that would require him to plead guilty to rape in the first degree, in violation of NYPL § 130.35, which carries a mandatory minimum sentence of 5 years and a maximum of 25.

## III.    SENTENCING

### A.    Statutory maximum and minimum sentence

On Count 1 (receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A)), the defendant faces a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 25 years. 18 U.S.C. § 2252A(b)(1). The Court may impose a fine of up to $250,000. 18 U.S.C. § 3571(b)(3). The Court is required to impose a term of supervised release of between 5 years and life. 18 U.S.C. § 3583(k).

On Count 2 (possession of child pornography in violation of 18 U.S.C. § 2252A(5)(B)), there is a maximum term of imprisonment of 20 years and no minimum term. 18 U.S.C. § 2252A(b)(2). As with Count 1, the Court may impose a fine of up to $250,000, and is required to impose a term of supervised release of between 5 years and life (to run concurrent with the term on Count 1). 18 U.S.C. §§ 3571(b)(3), 3583(k), 3624(e).

---

[3] ████████████████████████████████

3

### B.     Guidelines provisions

The government agrees with Probation's scoring of the defendant's offense level as 45, before acceptance of responsibility.  *See* PSIR ¶ 40.  All of the guidelines affecting the offense level in the PSIR have been stipulated to by the parties, except the pattern of activity enhancement.  PSIR ¶ 34.[4]  The government addresses this enhancement and the defendant's acceptance of responsibility below.

### 1.   Pattern of activity

The pattern of activity enhancement applies when the defendant engaged "in a pattern of activity involving the sexual abuse or exploitation of a minor."  U.S.S.G. § 2G2.2(b)(4).  Probation has reported that ███████████████████████████████████████████████:  the instances are the incident on March 9, 2025, an incident reported by the defendant "three to five years prior," and an incident "seven years ago."  PSIR ¶ 34.  Probation has also reported that the defendant sexually exploited a minor in Ohio.  *Id.* & ¶ 24.

The government believes that the pattern enhancement applies here.  A pattern of activity is defined in the guidelines commentary as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse of exploitation (A) occurred during the course of the offense; (B) involved the same minor; and (C) resulted in a conviction for such conduct."  *Id.* cmt. n.1.  The Second Circuit treats guidelines commentary as "authoritative."  *United States v. Zheng*, 113 F.4th 280, 299 (2d Cir. 2024).  This remains the case even after *Kisor v. Wilkie*, 588 U.S. 558 (2019), and *Loper Bright Enterprises v.*

---

[4] Both the government and the Court informed the defendant at the plea hearing that its sentencing guideline calculation was only an estimate.  This is also reflected in the plea agreement.  *See* PA § 5(g).  Neither the parties nor the Court are bound by the government's prior estimate.

*Raimondo*, 603 U.S. 369 (2024) (both discussing the degree to which a court should defer to agency determinations). *See United States v. Perez*, 2025 WL 2047829, at *5 n.2 (S.D.N.Y. July 22, 2025) (discussing this issue). Accordingly, there is no need for the Court to decide for itself what constitutes a pattern: the Sentencing Commission has already defined it as two or more instances of sexual abuse or exploitation of a minor.

███████████████████████████████████████████ In *United States v. Reingold*, this Court ruled that the pattern enhancement could be applied to a juvenile. 731 F.3d 204, 225 (2d Cir. 2013). Nor did the "temporal proximity" of the past events matter: they could be at any point in the past. *Id.* at 223-24. Other courts agree. *See, e.g.*, *United States v. Olfano*, 503 F.3d 240, 243 (3d Cir. 2007) (conduct committed as a minor can support pattern enhancement); *United States v. Lucero*, 747 F.3d 1242, 1249 (10th Cir. 2014) (45-year-old conduct can support pattern enhancement).

████████████████████████████████████████ there is no need to analyze this issue further. (Even if the Court discounts one of the incidents, because the defendant's memory may have been poor and he reported them on different days, PSIR ¶ 34, at least two acts remain.) Nevertheless, because the PSIR addresses the issue of the defendant's alleged sexual exploitation of the minor in Ohio, the government will also. In the interview, the victim says that she sent the defendant a video of her "playing with [her]self," and says "he wanted me to play with my vagina." Interview at 23:35. It does not appear that the victim states that she actually did send the defendant a video of her playing with her genitals. However, it is a plausible inference that she did, and by simply attempting to persuade her to send him a sexually explicit video, the defendant engaged in conduct that triggers the pattern enhancement. 18 U.S.C. § 2251(a), (e) (persuading a minor to engage in "sexually explicit conduct," or attempting

5

to do so); *see also, e.g.*, *United States v. Puglisi*, 458 F. App'x 31, 33 (2d Cir. 2012) (attempted violations of § 2251(a) are also punishable).

### 2.   Acceptance of responsibility

The defendant is entitled to a 2-level downward adjustment to his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  The government moves for an additional 1-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own conduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  *See* PA § 6(c), (d).

### C.   Other considerations

The Second Circuit has "encouraged" district courts to be careful in applying the guidelines in child sexual abuse cases.  *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010); *see also, e.g.*, *United States v. Jenkins*, 854 F.3d 181, 188-91 (2d Cir. 2017) (reiterating *Dorvee*).  Mindful of this admonition, the government raises two further points for the Court's consideration.

First, the defendant committed the offenses of conviction at a very young age:  19.  Some of the conduct underlying the pattern enhancement was committed when he was far younger.  A defendant's immaturity is "appropriately considered by a judge" when setting a sentence. *Reingold*, 731 F.3d at 215.  The government submits that there may be reasons to view the crimes committed by this defendant differently from similar crimes committed by a 40-year-old whose brain has matured and has vastly more life experience.  For the same reasons, while the rehabilitation of child sex offenders is an extremely challenging penological problem, the

6

government believes that such rehabilitation may well be more successful in a 20-year-old, such as the defendant, than a 40-year-old.[5]

Second, the State still has pending charges against the defendant.  If the State secures a conviction, the sentencing judge will have the right to sentence the defendant to a term of imprisonment that runs either concurrently with or consecutively to this Court's sentence.  NYPL § 70.25(4).  But if this Court imposes a sentence at the high end of the guidelines range — life — the State judge will effectively have no sentencing discretion; even at the low end of the range, the State judge's discretion will be cabined.  The government and this Court cannot predict the outcome of the State case, and the Court may choose to ignore the State case altogether.  *Cf.* U.S.S.G. § 2G2.2(b)(5) & cmt. 1 (pattern enhancement applies regardless of when the prior conduct occurred and whether or not it "resulted in a conviction").[6]  Nevertheless, it is somewhat unusual to have parallel proceedings that address overlapping conduct.  The government believes that the Court may choose to take account of the possibility that the State court may impose its own sentence, which will address the hands-on conduct with which the defendant was originally charged, in determining a sentence.

---

[5] For a summary of the literature, see Marta Sousa et al., *The Effectiveness of Psychological Treatment in Adult Males Convicted for Sexual Offenses Against Children:  A Systematic Review*, 24 Trauma, Violence & Abuse 3, 1867-81 (2023).  Unsurprisingly, the average age of participants in the studies reviewed by Sousa et al. is far higher than the defendant's.  The government cannot point to empirical evidence that younger defendants have more successful rehabilitation.  However, the government believes that this is inherently plausible.

[6] This Court may even choose to *increase* the defendant's sentence in light of the charges pending in State court.  *See, e.g.*, *United States v. Juwa*, 508 F.3d 694, 701-02 (2d Cir. 2007) (remanding to clarify basis for sentence where judge increased sentence based on State charges).

## IV.    CONCLUSION

The government supports a guidelines sentence, with due account taken of the other considerations noted above and any other factors that the Court believes are pertinent.[7]

Date: July 31, 2026                              Respectfully submitted,

                                                TODD BLANCHE
                                                Acting Attorney General

                                                JOHN A. SARCONE III
                                                First Assistant United States Attorney

                                        By: /s/ Nicholas Walter
                                                Nicholas Walter
                                                Assistant United States Attorney
                                                Bar Roll No. 706029

---

[7] The government requests the opportunity to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond.  *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h).  Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by Probation.

8