UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 1:26-cr-110 |
| v. | ) | |
| | ) | Honorable Anne M. Nardacci |
| CONNER BUSKEY., | ) | U.S. District Judge |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Buskey comes before the Court to be sentenced for possessing and receiving child pornography. This is his first criminal case, but the convictions will subject him to life-altering punishments—he will be a convicted felon, a registered sex offender, and subject to federal supervised release for a significant portion of the remainder of his life. Notwithstanding the seriousness of these offenses and his additional conduct, a sentence at the statutory minimum of 60 months (5 years) is sufficient to account for all relevant § 3553(a) factors. This should be followed by an appropriate term of supervised release of at least five years up to the remainder of Mr. Buskey's life. The Court should impose the mandatory $100 special penalty assessment but no further special assessments, including the $5,000 Justice for Victims of Trafficking Act ("JVTA") assessment because Mr. Buskey is indigent. To date, no victims have requested restitution. Should any requests be received prior to sentencing, counsel anticipates he would argue for the statutory minimum of $3,000 per victim to be awarded.

## Factual Background and Procedural History

Mr. Buskey is 21 years old. He was born in Schenectady and has lived his entire life in the capitol region. He disclosed during the presentence report that he was raped by an adult male cousin when he was 12 years old.[1] Despite disclosing this to his family, nothing was done. He began self-harming shortly after this incident when he was 13 and engaged in mental health treatment for a couple of years.[2] After discontinuing mental health treatment at age 16, he began using alcohol and marijuana to cope with his anxiety.[3] This was also around the beginning of the COVID pandemic, and he dropped out of school around this time.[4] Mr. Buskey threatened to kill himself following an altercation with his grandfather when he was 19, and again following his arrest for this offense. He is taking mental health medication at the jail and seeing a counselor once per month.[5] Mr. Buskey is in protective custody at the jail.[6] Having previously been housed in general population, counsel understands that Mr. Buskey's placement in protective custody is due in part to concerns about his mental health.

In January 2025, Mr. Buskey received and possessed a video containing child pornography. The same day, he shared that video with another minor via Snapchat.

---

[1] *See* ECF 29 at p. 15.
[2] *See* ECF 29 at pp. 15-16.
[3] *See* ECF 29 at p. 16.
[4] *See id.*
[5] *See id.*
[6] *See id.*

Sentencing Memorandum: 2

While investigation into that conduct was ongoing, in March 2025, Mr. Buskey was arrested following allegations of a sexual assault by his sister, who is a minor. At the time of his arrest for this incident, Mr. Buskey threatened to kill himself. He was ultimately transferred to a local hospital for treatment and evaluation, and was released the following day. Investigators in the two cases subsequently connected the cases. Mr. Buskey's phone was seized at the time of his arrest and later examined. There were 13 videos, most approximately 30 seconds in length, and three images containing child pornography identified on his phone.

As the United States notes in its sentencing memorandum, Mr. Buskey was originally charged in state court for the offense involving his sister. However, that case stalled and the state asked the United States to prosecute Mr. Buskey on available federal charges.[7] The United States chose to initiate federal charges against Mr. Buskey, at least in part hoping that a conviction in federal court might lead to a subsequent resolution and conviction on the state charges.[8] Mr. Buskey was indicted on August 20, 2025, made his initial appearance on August 22, and has remained in federal custody since that date.

---

[7] *See* ECF 33 at p. 6.
[8] *See* ECF 33 at pp. 6-7. Part of the United States' memorandum on this issue is redacted but counsel has reviewed the unredacted copy that makes this point more explicitly.

Sentencing Memorandum: 3

**U.S.S.G. Calculations, Impact of Plea Agreement**

In the presentence investigation report ("PSR"), the probation officer calculates an advisory guideline range of 360 months to life imprisonment, based on a total offense level of 42 and criminal history category of I.[9] Mr. Buskey has no objections to the calculated guidelines range because it is properly computed. Mr. Buskey would note that he is subject to a combined 20 levels' worth of enhancements, greatly increasing the advisory range despite his total lack of prior criminal history.

Mr. Buskey pled guilty pursuant to a written plea agreement.[10] The parties do not make any agreements as to an appropriate sentence within the plea agreement. Mr. Buskey has agreed to waive his right to appeal any sentence of 190 months or less. The Court retains full discretion to sentence Mr. Buskey within the statutory limitations applicable to this offense. Given the 20-year statutory maximums, the Court would have to impose consecutive sentences and at least one statutory maximum sentence to impose a sentence within the advisory guidelines range.

The United States has filed a sentencing memorandum requesting a sentence within the guidelines range, which would be at least 30 years' imprisonment.[11] Notwithstanding this request, the government's memorandum does note that Mr.

---

[9] *See* ECF 29 at p. 17.
[10] *See* ECF 25.
[11] *See* ECF 33.

Sentencing Memorandum: 4

Buskey committed these offenses at 19 years old and that he faces presumptive further prosecution and likely additional jail time in his state case.[12] The United States also notes the Second Circuit's encouragement to courts to be careful in applying the advisory guidelines in these cases.[13]

### Argument Regarding Sentencing

Mr. Buskey is requesting the Court sentence him to a total term of 5 years' imprisonment, the mandatory minimum term on Count 1, concurrent on both counts. While well below the advisory guidelines range, it is nonetheless an appropriate sentence given the facts of the case and his personal characteristics. Combined with an anticipated lengthy term of supervised release (perhaps a lifetime term), this sentence is sufficient to punish Mr. Buskey and accomplish the goals of the relevant § 3553(a) factors.

Mr. Buskey has no prior criminal history and no prior arrests. His conduct in this case appears to be a relatively isolated period in January to March 2025. Moreover, his conduct in this case is limited to the receipt and possession of approximately 13 videos and 3 images, and the uncharged distribution of one additional video. The allegations regarding his conduct with his sister remain the subject of a pending state prosecution. This Court should not pass judgment on that incident, which Mr. Buskey has neither

---

[12] *See* ECF 33 at pp. 10-11.

[13] *See* ECF 33 at p. 10 (*citing United States v. Dorvee* and *United States v. Jenkins*).

Sentencing Memorandum: 5

pled nor been convicted of. The Court should restrict its sentencing decision to the facts and circumstances of this case, which Mr. Buskey has pled guilty to.

The videos and images that Mr. Buskey possessed are of course disturbing. However, counsel is not aware of any evidence of Mr. Buskey particularly seeking out or searching for these particular videos. Moreover, while there are 13 video files in total, in reality there are 5 total videos—one is split into three 30 second clips, and one is split into seven 30 second clips. Mr. Buskey is not objecting to the 5-level enhancement based on the number of videos because he desires to accept responsibility for his actions without trying to split hairs or argue semantics. Again, these videos are unquestionably disturbing and constitute clear harm to each child victim.

A sentence at the low-end of 360 months would be a decade longer than the statutory maximum applicable to both counts. It is also double the statutory minimum of 15 years that would apply to either a production of child porn offense or a recidivist receipt or distribution offense. For that matter, it is longer than the 25-year minimum for a recidivist who produces child porn. Mr. Buskey's total offense level of 42 is one shy of the base offense level for first-degree murder. Assuming a defendant pled guilty to first-degree murder and received credit for acceptance of responsibility, their total offense level would be lower than Mr. Buskey's. In sum, given Mr. Buskey's lack of prior criminal history and the facts of his criminal conduct, there is no rational argument for him to be sentenced within the advisory guidelines range.

Sentencing Memorandum: 6

Mr. Buskey was himself the victim of a sexual assault at a young age, which is also common amongst persons convicted of child porn offenses. He also has been a regular user of marijuana and alcohol since approximately age 16, which surely had an effect on his still-developing adolescent brain. As noted, he committed the instant offenses at age 19. While legally an adult, there can be no question that his brain continues to develop and he reasonably may be viewed as less culpable than an older more fully developed adult in the same circumstances.

Comparable sentencing data from JSIN also supports a substantial departure below the guidelines range. Per the PSR, approximately 377 defendants over the last five fiscal years had guidelines ranges comparable to Mr. Buskey. The median sentence length for those defendants was 144 months.[14] While still a very significant sentence, this number is well below the low end of 360 months.

Finally, Mr. Buskey would point to the United States' agreement in the plea that Mr. Buskey can appeal any sentence over 190 months.[15] While the plea contains numerous provisions making clear this is neither an endorsement of an appropriate sentence nor in any way binding on the Court, the Court may nonetheless consider that the United States has agreed Mr. Buskey could argue a sentence exceeding 190 months (approximately half of the low-end of 360 months) would be substantively

---

[14] *See* ECF 29 at p. 20.
[15] *See* ECF 25 at p. 12.

Sentencing Memorandum: 7

unreasonable. A guidelines sentence would put Mr. Buskey in federal prison for longer than he's been alive, plus another decade. Such a sentence is simply beyond the pale and unreasonable.

Turning from the prison sanction, Mr. Buskey requests an appropriate term of supervised release be imposed. The mandatory minimum term is 5 years, and the Court has discretion to impose it for the remainder of his life. While a lifetime term for a first offender appears unnecessary, Mr. Buskey defers to the Court as to an appropriate length to impose.

The Court must impose a $100 special assessment. Due to his indigent status and inability to pay any fine, this Court should decline to impose any fine or further special assessments.[16] With respect to the Justice for Victims of Trafficking Act (JVTA) $5,000 assessment, this Court should find Mr. Buskey is indigent and waive that. At this point, no victims in the videos or images have come forward to claim restitution. Therefore, there is no identifiable victim to award restitution to. Should any victims make claims between now and sentencing, Mr. Buskey will address the appropriate amount to award them through counsel.

---

[16] Mr. Buskey contends he never received the financial paperwork sent to him at the jail by Probation. *See* ECF 29 at p. 17. Counsel has obtained a copy of the paperwork and will complete those forms with Mr. Buskey next week, then provide them to Probation. Counsel is confident the information will confirm Mr. Buskey is indigent and wholly lacks the ability to pay any fines or special assessments beyond those required by law.

Sentencing Memorandum: 8

**CONCLUSION**

For the reasons set forth herein and to be argued further at the sentencing hearing, the Court should sentence Mr. Buskey to a total term of 60 months (5 years) in federal prison, followed by an appropriate term of supervised release. The Court must impose a $100 special assessment but should not impose any additional special assessments or fines.

Dated: August 6, 2026

/s/ Paul E. Shelton
Paul E. Shelton, Esq.
Assistant Federal Public Defender
Bar Roll No. 706112
Attorney for Mr. Buskey
54 State Street, Suite 310
Albany, New York 12207
Telephone: (518) 436-1850
Fax: (518) 436-1780
E-mail: paul_shelton@fd.org

Sentencing Memorandum: 9

**Certificate of Service**

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Nicholas Walter, United States Attorney.


*/s/Paul E. Shelton*